Per Curiam:
The defendant demurs to the petition herein on the ground that it does not state facts sufficient to constitute a cause of action against the United States.
The plaintiff’s petition in this case alleges, in substance, that plaintiff, a corporation organized under the laws of the State of Washington, with principal office in Seattle, owned a certain gold mine in the Territory of Alaska; that on October 8, 1942, the War Production Board, pursuant to authority duly delegated by the President of the United States under acts of Congress, issued Limitation Order L-208, on .June 30, 1945, under which plaintiff’s mine, was classified as nonessential in the national defense and the prosecution of the war and was forced to close down and cease operations; that plaintiff closed the said mine on or about August 8,1943, and kept it closed until after the termination of Limitation Order L-208, on June 30, 1945. Plaintiff further alleges that it incurred expenses and suffered losses as result of such closing of its mine in . an amount in excess, of $209,716.61, which it claims as just compensation for the alleged taking of its property under the Fifth Amendment, pursuant to the provisions of said Limitation Order L-208.
The question presented in this case is the same as that considered by this court in the case of Oro Fino Consolidated Mines, Inc. v. United States, 118 C. Cls. 18. On the authority of the decision in that case, we hold that there was no taking of the plaintiff’s property in a constitutional sense and that what the Government did was to impose a permissible restriction upon the use by plaintiff of its properly in the interest of general safety, and that Limitation Order L-208 was a regulation rather than a taking. '
The defendant’s demurrer is sustained, and the petition is dismissed. It is so ordered.